IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF IOWA

IN RE:                                        )
                                              )      Chapter 7
JAMES K. LONEY,                               )
CAROL A. LONEY,                               )
                                              )      Bankruptcy No. 10-00323
            Debtors.                          )

**ORDER RE: OBJECTION TO AMENDMENT OF PETITION
AND CLAIMS OF EXEMPTION**

This matter came before the undersigned for telephonic hearing on December 16, 2010. Attorney Douglas M. Henry appeared for Creditor Kelly Presley. Attorney Francis Wm. Henkels appeared for Debtors James and Carol Loney. After hearing arguments of counsel, the Court took the matter under advisement. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(B).

**STATEMENT OF THE CASE**

Creditor Kelly Presley objects that "Debtors' claims of exemptions are untimely without good cause." She also states Debtors' schedules understate the values of vehicles claimed exempt. She argues Debtors may each exempt only their one-half interest in one vehicle. Debtors resist.

**THE FACTS**

Debtors filed their Chapter 7 petition on February 18, 2010. On the original Schedule C, Debtors claim three vehicles exempt under Iowa Code sec. 627.6(9): a 1965 Ford Mustang, a 1998 Ford Mustang and a 2002 Ford F-150 pick-up. Trustee objected that Debtors are only allowed to exempt two vehicles under that statute. The Court sustained the objection by order entered May 5, 2010. Debtors filed amendments to Schedule B and C on August 26, 2010 claiming exempt the 1998 Ford Mustang valued at $4,185 and the 2002 Ford F150 pickup valued at $6,845.

Ms. Presley's Exhibits A and E are copies of the Certificates of Title for the two vehicles. The owners on both titles are: "Loney, James Kenneth Or Loney,

Carol Ann." The Court notes that security interests held by Kelly Trimble (now known as Kelly Presley) were cancelled on August 4, 2010 on both titles. Exhibit C is a printout from Kelley Blue Book showing a trade-in value for a 2002 Ford F150 in good condition of $8,700. Exhibit D shows a private party value of $11,345 for the same vehicle.

## THE LAW

Rule 1009(a) states a schedule may be amended by the debtor "at any time before the case is closed." The Eighth Circuit Court of Appeals has noted that the general rule allows liberal amendment, but the ability to amend is not absolute. In re Ladd, 450 F.3d 751, 755 (8th Cir. 2006). "[T]wo recognized exceptions to the rule allowing liberal amendment under Rule 1009 are bad faith on the part of the debtor and prejudice to the creditor." Id. The record does not contain evidence of bad faith by Debtors or prejudice to Ms. Presley.

Under Rule 4003(c), the party objecting to exemptions has the burden to prove they are not properly claimed. Ms. Presley offered Kelley Blue Book printouts as proof that Debtors have undervalued their vehicles. Although this type of valuation can be a good guidepost for valuing a vehicle, it is not conclusive. In re Roberts, 210 B.R. 325, 330 (Bankr. N.D. Iowa 1997) (considering NADA values). It should be used in conjunction with expert testimony regarding the specific vehicle at issue. Id. at 330-31. The record does not contain expert testimony regarding the values of the specific vehicles Debtors claim exempt.

The most difficult issue is whether Debtors can each claim one of the vehicles entirely exempt, or only a one-half interest in one of the vehicles based on the manner in which the parties' names appear on the certificates of title. Some courts hold that only fifty percent of a jointly owned vehicle can be exempted. These determinations are made under the laws of other states. In re Evans, 2009 WL 3259427 (Bankr. M.D.N.C. Oct. 8, 2009) (applying North Carolina law); In re Chadwick, 113 B.R. 540 (Bankr. W.D. Mo. 1990) (applying Kansas law). This Court must apply the laws of the state of Iowa. Butner v. U.S., 440 U.S. 48, 55 (1979). Under Iowa Admin. Code 761-400.14(1), the use of the word "or" to join the names of owners on a certificate of title allows any of the owners to transfer title or to junk the vehicle.

Pursuant to Iowa Code sec. 627.9(b), a debtor may exempt an interest in one motor vehicle up to the amount of $7,000.  In In re Bierman, 133 B.R. 484, 487 (Bankr. N.D. Iowa 1991), the Court noted that this section "does not appear to require legal title as a predicate to a claim of exemption."  It held that the debtor may claim an equitable interest in a vehicle to the extent the interest is provable under Iowa Code sec. 321.45(2).  Id.; see also Schultz v. Security Nat'l Bank, 583 N.W.2d 886, 889 (Iowa 1998) (stating a certificate of title is only prima facie evidence of ownership); Bash v. Hade, 62 N.W.2d 180, 184 (Iowa 1954) (stating "the inference of ownership arising from registration is rebuttable").

## CONCLUSIONS

Based on the foregoing, the Court finds that it is necessary for the parties to present additional evidence in order for the Court to rule on Ms. Presley's objections to exemptions.  All of the issues she raises are fact intensive.  Considering the complexity of the issues and the state of the record, the Court finds that further proceedings are necessary, which may include discovery, briefs and a trial.

**WHEREFORE**, the deadline for the completion of discovery (including depositions of all experts) is March 31, 2011.

**FURTHER**, the parties shall file pre-trial briefs on or before April 15, 2011.

**FURTHER**, a telephonic trial-setting conference shall be scheduled by separate order upon filing of the parties' briefs.

Dated and Entered: January 14, 2011

*/s/ Paul J. Kilburg*

PAUL J. KILBURG
U.S. BANKRUPTCY JUDGE

3